IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| ROBERT E. TUCKER; and IRONMAN WRECKER SERVICE, INC., <br><br> Plaintiffs, <br><br> v. <br><br> ALAN OURS; MIKE BROWNING; MARK STAMBAUGH; BILL BRUNSON; BOB COLEMAN; CLYDE TAYLOR; MARY CALLAWAY; MATT DOERING; CAPTAIN TOMMY TINDALE; LT. KENNY ELLIS; DALE PROVENZO; CAPTAIN WILLIE MCCOY; ALLEN BOOKER; AND RICHARD STRICKLAND, <br><br> Defendants. | CIVIL ACTION NO.: 2:15-cv-97 |

**O R D E R**

Before the Court is Plaintiff's Motion to Add Parties (doc. 9), and Defendants' Motion to Stay Discovery Pending Resolution of Defendants' Motion to Dismiss (doc. 11). For the reasons set forth below, Plaintiff's Motion to Add Parties is **DENIED** and Defendants' Motion to Stay is **GRANTED.**

**BACKGROUND**

Plaintiffs Robert E. Tucker and Ironman Wrecker Service, Inc. ("Ironman Wrecker Service"), filed this action, pro se, on July 21, 2015 against several defendants pursuant to 42 U.S.C. § 1983. (Doc. 1.) Plaintiffs amended their claims by filing an Amended Complaint on August 4, 2015. (Doc. 4.) In their original and amended complaints, Plaintiffs levy allegations against Defendants pertaining to Plaintiffs' automotive towing business. Plaintiffs contend

Defendants wrongfully removed them from Glynn County Georgia's rotating call list for towing operators. Though Mr. Tucker is not an attorney, he signed the Complaint and Amended Complaint not only on behalf of himself but also on behalf of Ironman Wrecker Service, as the President of that company. (Doc. 1 at p. 4; Doc. 4 at p. 7.)

On October 2, 2015, Defendants filed a Motion to Dismiss all of Plaintiffs' claims. On that same date, Plaintiffs filed a Motion to add ten more Defendants to this case. (Doc. 9.) Plaintiffs sought to add these Defendants in both their individual and official capacities. On October 8, 2015, Defendants filed a Motion to Stay all Discovery. (Doc. 11.) Therein, Defendants request that all discovery be stayed until such time as the Court rules on their Motion to Dismiss.

## DISCUSSION

### I. Mr. Tucker's Attempt to Represent Ironman Wrecker Service

Mr. Tucker has filed claims not only on behalf of himself but also on behalf of Ironman Wrecker Service. However, it does not appear that Mr. Tucker is an attorney, much less admitted to practice before this Court. "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear pro se, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir.1985); see also, Rowland v. California Men's Colony, 506 U.S. 194, 201–02 (1993) (non-natural persons or "artificial entities" (e.g., corporations, partnerships, and associations) "may appear in federal courts only through licensed counsel"); In re Glover, No. 13-12445, 2014 WL 688095, at *8, n.2 (Bankr. S.D. Ga. Feb. 19, 2014) (holding individual cannot represent limited liability company and that corporation must retain counsel to represent it). Furthermore, pursuant to Local Rule 83.5(c) "[a]ny person who is not admitted to the bar of this Court . . . and who exercises in this Court any of the privileges as a

member of its bar, or pretends to be entitled to do so, shall be in contempt of this Court and subjected to appropriate punishment." See also, 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel . . . .") (emphasis added). The Second Circuit has summarized the following reasons for requiring an attorney to represent non-natural persons:

> [T]he conduct of litigation by a non-lawyer creates unusual burdens not only for the party he represents but as well for his adversaries and the court. The lay litigant frequently brings pleadings that are awkwardly drafted, motions that are inarticulately presented, [and] proceedings that are needlessly multiplicative. In addition to lacking the professional skills of a lawyer, the lay litigant lacks many of the attorney's ethical responsibilities, e.g., to avoid litigating unfounded or vexatious claims.

Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir.1983). This rule holds true even where the non-lawyer attempting to represent the corporation is the sole shareholder or officer of the corporation. See, Adams v. United States, No. 8:07CV1089T24TBM, 2007 WL 2993927, at *1 (M.D. Fla. Oct. 11, 2007).

Because Ironman Wrecker Service is not represented by counsel in this case, it appears that all claims asserted on behalf of that entity are due to be stricken and dismissed. However, in an abundance of caution, the Court gives Ironman Wrecker Service **fourteen (14) days from the date of this Order** to retain counsel and to have counsel enter an appearance in this case. On or before that date, Ironman Wrecker Service must have an attorney admitted to practice before this Court enter an appearance on its behalf on this Court's docket. Should an attorney not enter such an appearance, the Court will dismiss all claims asserted by Ironman Wrecker Service from this case.

## II. Plaintiffs' Motion to Add Defendants

Plaintiffs amended their Complaint once on August 4, 2015, (doc. 4), and now seek to amend the Complaint again by adding several Defendants (doc. 9). Pursuant to Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once as a matter of right either within twenty-one days after serving it or within twenty-one days after service of a required responsive pleading or motion. However, as to all other amendments, a plaintiff may only amend "with the opposing party's written consent or with the court's leave" which the court "should freely give . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). "The thrust of Rule 15(a) is to allow parties to have their claims heard on the merits, and accordingly, district courts should liberally grant leave to amend when 'the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief.'" In re Engle Cases, 767 F.3d 1082, 1108 (11th Cir. 2014) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

While leave to amend should ordinarily be freely given, in the case at hand, Plaintiffs have not provided any grounds for adding the new defendants to this case. Plaintiffs have not detailed any factual allegations against these individuals or what claims they will assert against them. Instead, Plaintiffs have merely listed these potential defendants and asked for leave to add them to the case. With such a bare pleading, the Court cannot grant Plaintiffs' request. Should Plaintiffs seek to add any defendant to this case, they must not only identify that potential defendant, they must also identify the reasons they seek to add the defendant and the claims and allegations they intend to assert against the defendant.

## III. Defendants' Motion to Stay Discovery

Defendants seek to stay discovery until the Court resolves their Motion to Dismiss. With regard to the timing of discovery, the Court of Appeals for the Eleventh Circuit has recognized that

4

> [i]f the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible.

Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1368 (11th Cir. 1997) (footnotes omitted). For these reasons, this Court, and other courts within the Eleventh Circuit, routinely find good cause to stay the discovery period where there is a pending motion to dismiss. See, e.g., Habib v. Bank of Am. Corp., No. 1:10-cv-04079-SCJ-RGV, 2011 WL 2580971, at *6 n.4 (N.D. Ga. Mar. 15, 2011) (citing Chudasama, 123 F.3d at 1368) ("[T]here is good cause to stay discovery obligations until the District Judge rules on [the defendant's] motion to dismiss to avoid undue expense to both parties."); Berry v. Canady, No. 2:09-cv-765-FtM-29SPC, 2011 WL 806230, at *1 (M.D. Fla. Mar. 2, 2011) (quoting Moore v. Potter, 141 F. App'x 803, 807 (11th Cir. 2005)) ("[N]either the parties nor the court have any need for discovery before the court rules on the motion [to dismiss].").

In the case at hand, the Court finds that good cause exists to stay this case until such time as a ruling is made on Defendants' Motion and that no prejudice will accrue to the parties if a stay is granted. Specifically, a ruling on Defendants' Motion to Dismiss before the commencement of discovery may save the parties time and resources by clarifying what issues, if any, the parties will need to address in discovery.

THEREFORE, IT IS HEREBY ORDERED that all discovery is stayed pending a ruling by the Court on Defendants' Motion to Dismiss.

IT IS FURTHER ORDERED that within twenty-one (21) days following the Court's ruling on Defendants' Motion to Dismiss, should this case remain pending before the Court, the

parties are directed to meet and confer pursuant to Rule 26(f). Additionally, the parties are to file a Rule 26(f) Report within fourteen (14) days of the Rule 26(f) conference at which time a Scheduling Order will be entered by the Court.

**SO ORDERED**, this 14th day of October, 2015.

_____
R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA